UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS CATANO,           ) | 1:04-CV-06395 LJO NEW (DLB) HC |
|                        ) | |
| Petitioner,     ) | ORDER DENYING PETITIONER'S |
|                        ) | MOTION TO AMEND OR SUPPLEMENT |
| v.                ) | THE PETITION FOR WRIT OF HABEAS |
|                        ) | CORPUS |
|                        ) | |
| D. ADAMS, Warden,      ) | [Doc. #17] |
|                        ) | |
| Respondent.     ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 12, 2004, Petitioner filed the instant petition for writ of habeas corpus in this Court. The petition challenges a 2002 conviction in Merced County Superior Court for attempted sexual battery and assault with intent to commit rape. The petition presents one ground for relief: "Insufficient evidence to support intent element of assault with intent to commit rape conviction, in violation of the U.S. 14th Amendment to Due Process."

On March 2, 2005, Respondent filed an answer to the petition. Petitioner filed a traverse on May 6, 2005.

On May 7, 2007, Petitioner filed a motion to amend or supplement the petition.

**DISCUSSION**

Pending before the Court is Petitioner's motion to amend and/or supplement the petition. The requested amendment is untimely under the limitations period of 28 U.S.C. § 2244(d)(1) and does not relate back to the original petition under Rule 15(c)(2) of the Federal Rules of Civil Procedure. Petitioner filed the original petition over two years ago. Petitioner did not include the claims he now seeks to add, nor did he attempt to include those claims. Under Rule 15(c)(2), an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In Mayle v. Felix, the Supreme Court stated that "[s]o long as the original and amended petitions state claims that are tied to a *common core of operative facts*, relation back will be in order." 545 U.S. 644, 664 (2005). Here, Petitioner's new claims are not tied to a common core of operative facts. In his sole ground for relief in the original petition, Petitioner claims there was insufficient evidence to support the intent element of his conviction for assault with intent to commit rape. In his six newly proposed grounds for relief, Petitioner complains of sentencing error. Therefore, the amendment does not relate back to the original pleading. Id. Because the limitations period is not tolled for the time a habeas petition is pending in federal court, see Duncan v. Walker, 533 U.S. 167, 181-82 (2001), and this action has been pending since October of 2004, the limitations period of 28 U.S.C. § 2244(d)(1) has long ago expired. The proposed amendment is therefore untimely and must be denied.

In an attempt to circumvent the statute of limitations, Petitioner couches his claims as "newly discovered" based on the recent decision in Cunningham v. California, 127 S.Ct. 857 (2007). In Cunningham, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, where the Court held that, "under the Sixth Amendment, any fact (other than a prior conviction) that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." Cunningham, 127 S.Ct. at 857, citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The Supreme Court has reaffirmed the bright-line rule of Apprendi in several cases. See Ring v. Arizona, 536 U.S. 584 (2002) (facts subjecting the defendant to the death penalty); Blakely v.

Washington, 542 U.S. 296 (2004) (facts permitting a sentence in excess of the standard range under Washington's Sentencing Reform Act); United States v. Booker, 543 U.S. 220 (2005) (facts triggering a sentence range elevation under the Federal Sentencing Guidelines). In the most recent case of Cunningham v. California, the Court reaffirmed its holding in Apprendi in finding California's Determinate Sentencing Law ("DSL") did not comport with the Apprendi rule. 127 S.Ct. at 871. Apprendi was decided in 2000 and Petitioner was convicted in 2002. Thus in Petitioner's case, Apprendi was the law at the time he was convicted. Consequently, any challenge based on Apprendi became ripe at that time and cannot be considered newly discovered. For this reason, the instant claims cannot be considered timely.

**ORDER**

Accordingly, Petitioner's motion to amend and supplement the petition is DENIED.

IT IS SO ORDERED.

Dated: **June 2, 2007**         /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE